# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* CHRISTINE KIBLER,<br><br>　　　　Plaintiffs,<br>　　v.<br><br>HUNT COMPANIES, INC.; HUNT MILITARY COMMUNITIES MGMT, LLC; HBC PROPERTY MANAGERS, LLC; HUNT ELP, LTD.; DOVER AIR FORCE BASE PROPERTIES, LLC; PINNACLE PROPERTY MANAGEMENT SERVICES, LLC,<br><br>　　　　Defendants. | Civil Action No. 20-107-MN |

## JOINT STIPULATION OF DISMISSAL

Subject to the terms and conditions of the Settlement Agreement, attached hereto as Exhibit 1, and pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure and 31 U.S.C. § 3730(b)(1), the United States, Relator, and Defendants (collectively, the "Parties") hereby stipulate to a joint dismissal with prejudice of **Count I Violations of the Federal False Claims Act** of this action. No party hereto is an infant or incompetent.

The Parties further stipulate and agree that the Court shall retain jurisdiction over (1) **Count II Retaliation and Wrongful Discharge Under the Federal False Claims Act**; (2) Relator and Defendants regarding Relator's claims for attorney's fees, expenses, and costs pursuant to the Federal False Claims Act, 31 U.S.C. § 3730(d); and (3) any disputes related to Relator's share of the Settlement Amount.

Respectfully submitted,

| | |
|---|---|
| DAVID C. WEISS<br>United States Attorney | WILMERHALE LLP |
| */s/ Shamoor Anis*_____<br>Shamoor Anis, Esq.<br>Jesse Wenger, Esq.<br>Assistant United States Attorneys<br>Attorneys for the United States of America | */s/ Christopher E. Babbitt*____<br>Stephen W. Preston, Esq.<br>Christopher E. Babbitt, Esq.<br>Attorneys for Defendants |

HOYER LAW GROUP

*/s/ Jesse Hoyer Estes*_____
Jesse Hoyer Estes, Esq.
Attorney for Relator

# Exhibit 1

SETTLEMENT AGREEMENT

This Settlement Agreement (Agreement) is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the United States Air Force (collectively the "United States"); Hunt Companies, Inc., Dover Air Force Base Properties, LLC, Dover Family Housing, LLC, HBC Property Managers, LLC, Hunt ELP, Ltd., Hunt Military Communities Mgmt., LLC, and any of the foregoing entities' subsidiaries, affiliates, or related entities doing business as "Hunt Military Communities" (collectively, "Hunt"); and Relator Christine Kibler (hereafter collectively referred to as "the Parties"), through their authorized representatives.

RECITALS

A. Hunt, either directly or through its subsidiaries, operates residential housing communities for American military servicemembers throughout the United States, including at Dover Air Force Base in Dover, Delaware.

B. On or about January 23, 2020, Christine Kibler filed a *qui tam* action in the United States District Court for the District of Delaware captioned *United States ex rel. Christine Kibler v. Hunt Companies, Inc. et al.*, Case No. 20-107 (D. Del.), pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the Civil Action). Relator alleged, among other things, that Hunt presented falsified maintenance work order data to the United States to artificially increase the amount of money the United States paid to Hunt under the governing contractual agreements. The United States intervened in the Civil Action on  January 6, 2022.

C. The United States contends that it has certain civil claims against Hunt arising from Hunt's provision of materially false work order data to the United States

related to work performed at Dover Air Force Base. Specifically, the United States contends that, during the period from January 1, 2013, through June 30, 2019, Hunt entered materially false information into a property management system called Yardi in connection with work performed at Dover Air Force Base and subsequently presented that false data to the United States to artificially increase the amount of Performance Incentive Fees owed to Hunt under the governing contractual agreements. That conduct is referred to below as the Covered Conduct.

   D.  This Settlement Agreement is neither an admission of liability by Hunt nor a concession by the United States or the Relator that their claims are not well founded. Hunt expressly denies the allegations referred to as the Covered Conduct and in the Civil Action.

   E.  Relator claims entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this Settlement Agreement and to Relator's reasonable expenses, attorneys' fees and costs.

   To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

TERMS AND CONDITIONS

   1.  Hunt shall pay to the United States **$ 500,000.00** (Settlement Amount), of which $ 250,000 is restitution, by electronic funds transfer pursuant to written instructions

to be provided by the United States Attorney's Office for the District of Delaware no later than <u>10</u> days after the Effective Date of this Agreement.

2. Subject to the exceptions in Paragraph 4 (concerning reserved claims) below, and upon the United States' receipt of the Settlement Amount, the United States releases Hunt, together with its current and former parent corporations; direct and indirect subsidiaries; brother or sister corporations; divisions; current or former corporate owners; and the corporate successors and assigns of any of them, from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of breach of contract, payment by mistake, unjust enrichment, and fraud.

3. Subject to the exceptions in Paragraph 4 below, and upon the United States' receipt of the Settlement Amount, Relator, for herself and for her heirs, successors, attorneys, agents, and assigns, releases Hunt from any civil monetary claim the Relator has on behalf of the United States related to the Civil Action under the False Claims Act, 31 U.S.C. §§ 3729-3733.

4. Notwithstanding the releases given in Paragraph 2 of this Agreement, or any other term of this Agreement, the following claims and rights of the United States are specifically reserved and are not released:

    a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

    b. Any criminal liability;

      c.      Except as explicitly stated in this Agreement, any administrative liability or enforcement right, or any administrative remedy, including the suspension and debarment rights of any federal agency;

      d.      Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

      e.      Any liability based upon obligations created by this Agreement;

      f.      Any liability of individuals; and

      g.      Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct.

5.     Relator and her heirs, successors, attorneys, agents, and assigns shall not object to this Agreement but agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). In connection with this Agreement and this Civil Action, Relator and her heirs, successors, attorneys, agents, and assigns agree that neither this Agreement, any intervention by the United States in the Civil Action in order to dismiss the Civil Action, nor any dismissal of the Civil Action, shall waive or otherwise affect the ability of the United States to contend that provisions in the False Claims Act, including 31 U.S.C. §§ 3730(d)(3) and 3730(e), bar Relator from sharing in the proceeds of this Agreement. Moreover, the United States and Relator and her heirs, successors, attorneys, agents, and assigns agree that they each retain all of their rights pursuant to the False Claims Act on the issue of the share percentage, if any, that Relator should receive of any proceeds of the settlement of her claim(s), and that no agreements concerning Relator share have been reached to date.

6. Hunt waives and shall not assert any defenses Hunt may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action.

7. Hunt fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Hunt has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct or the United States' investigation or prosecution thereof.

8. a. Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of Hunt, and its present or former officers, directors, employees, shareholders, and agents in connection with:

    (1) the matters covered by this Agreement;

    (2) the United States' audit(s) and civil and any criminal investigation(s) of the matters covered by this Agreement;

    (3) Hunt's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil and any criminal investigation(s) in connection with

        the matters covered by this Agreement (including attorneys' fees);

    (4)  the negotiation and performance of this Agreement;

    (5)  the payment Hunt makes to the United States pursuant to this Agreement and any payments that Hunt may make to Relator, including costs and attorneys fees,

are unallowable costs for government contracting purposes (hereinafter referred to as Unallowable Costs).

  b.  Future Treatment of Unallowable Costs: Unallowable Costs will be separately determined and accounted for by Hunt, and Hunt shall not charge such Unallowable Costs directly or indirectly to any contract with the United States.

  c.  Treatment of Unallowable Costs Previously Submitted for Payment: Within 90 days of the Effective Date of this Agreement, Hunt shall identify and repay by adjustment to future claims for payment or otherwise any Unallowable Costs included in payments previously sought by Hunt or any of its subsidiaries or affiliates from the United States. Hunt agrees that the United States, at a minimum, shall be entitled to recoup from Hunt any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted requests for payment. The United States, including the Department of Justice and/or the affected agencies, reserves its rights to audit, examine, or re-examine Hunt's books and records and to disagree with any calculations submitted by Hunt or any of its subsidiaries or affiliates regarding any Unallowable Costs included in payments previously sought by Hunt, or the effect of any such Unallowable Costs on the amount of such payments.

9. This Agreement is intended to be for the benefit of the Parties only.

10. Upon receipt of the payment described in Paragraph 1, above, the Parties shall promptly sign and file in the Civil Action a Joint Stipulation of Partial Dismissal of the Civil Action pursuant to Rule 41(a)(1). Such dismissal shall be (1) with prejudice to the Relator with respect to all claims asserted on behalf of the United States under the False Claims Act, 31 U.S.C. §§ 3729-3733; (2) with prejudice to the United States with respect to the Covered Conduct; and (3) without prejudice to the United States with respect to any claims not released by this Agreement. The Joint Stipulation of Partial Dismissal will not, by its terms, release Relator's personal claim on behalf of herself individually under 31 U.S.C. § 3730(h).

11. Each Party and signatory to this Agreement represents that it freely and voluntarily enters into this Agreement without any degree of duress or compulsion.

12. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the District of Delaware. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

13. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

14. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

15. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

16. This Agreement is binding on Hunt's successors, transferees, heirs, and assigns.

17. This Agreement is binding on Relator's successors, transferees, heirs, and assigns.

18. All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

19. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement).  Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

<u>ON BEHALF OF</u>
<u>THE UNITED STATES OF AMERICA</u>

DAVID C. WEISS
United States Attorney
District of Delaware

DATED: 12/27/2021     BY: *Shamoor Anis*

Jesse S. Wenger
Shamoor Anis
Assistant United States Attorneys

ON BEHALF OF HUNT

DATED: 12/27/2021    BY: *Kara Harchuck*
Kara Harchuck,
Executive Vice President, General Counsel,
Hunt Companies, Inc.

DATED: 12/28/2021    BY: *CBnn*
Stephen W. Preston, Esq.
Christopher E. Babbitt, Esq.
Counsel for Hunt

10

ON BEHALF OF RELATOR

DATED: 1/3/2022     BY: _____
                         Christine Kibler, Relator

DATED: 1/3/2022     BY: _____
                         Jesse Hoyer Estes, Esq.
                         Counsel for Relator